UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| GREAT WEST CASUALTY COMPANY,<br><br>　　Plaintiff,<br><br>vs.<br><br>HUDSON INSURANCE COMPANY, O &<br>I TRANSPORT LLC, JASON<br>CAMPBELL,  KENNETH CUMMINGS,<br>and RINGWOOD BROTHERS LLC,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR<br>DECLARATORY JUDGMENT** |

### INTRODUCTION

1.     This declaratory judgment arises from a motor vehicle accident in Spartanburg County, South Carolina, on July 13, 2022, in which a tractor-trailer, owned by Ringwood Brothers LLC and operated by Kenneth Cummings on behalf of O & I Transport LLC, struck a vehicle operated by Jason Campbell.

2.     Jason Campbell obtained a default judgment of $1,997,409.92 against Ringwood Brothers LLC.

3.     On the date of the accident, a Great West Casualty Company commercial auto policy provided coverage for one truck and one flatbed trailer owned by Ringwood Brothers; neither was involved in the accident.

4.     Jason Campbell has demanded that Great West Casualty Company pay that judgment under that policy.

5.     Great West seeks a declaration of the Court that the policy it issued to Ringwood Bros. does not provide coverage for the accident and judgment.

**PARTIES**

6.     Great West Casualty Company ("Great West") is a Nebraska corporation with its principal place of business in Nebraska.

7.     Hudson Insurance Company is a Delaware corporation with its principal place of business in New York.

8.     O & I  Transport LLC ("O & I") is a Michigan limited liability company with its principal place of business in Michigan.

9.     Jason Campbell ("Campbell") is a citizen and resident of South Carolina.

10.    Kenneth Cummings ("Cummings") is a citizen and resident of South Carolina.

11.    Ringwood Brothers LLC ("Ringwood Bros.") is a South Carolina limited liability company with its principal place of business in South Carolina.

**JURISDICTION AND VENUE**

12.    This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332, wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

13.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims took place in this district.

14.    Venue is proper in this division according to Local Civ. Rule 3.01(A)(1) (D.S.C.), because this is the division in which a substantial part of the events or omissions giving rise to the claim  -  the accident giving rise to the controversy and the resulting default judgment - occurred in Spartanburg County, South Carolina.

15.    The parties have an actual, present, adverse, and antagonistic interest regarding the applicability of the Great West policy to the accident and resulting judgment. A controversy of a

justiciable nature currently exists between and among Great West and the Defendants as set forth herein.

16.     All proper and antagonistic parties having an interest in the outcome and adjudication of this controversy are before the Court.

17.     The issuance of declaratory relief by this Court is necessary and appropriate at this time under the circumstances alleged. It will terminate all of the existing controversy between the parties as to the applicability of the Great West coverage.

## THE ACCIDENT

18.     On July 13, 2022, Cummings was operating a 2002 Freightliner, VIN 1FUJAHCG72LG29633, in Spartanburg County, SC, when he was involved in a motor vehicle accident with a 2015 Jeep owned and operated by Campbell. (Ex 1).

19.     Ringwood Bros. owned the 2002 Freightliner ("Freightliner") Cummings was operating at the time of the accident.

20.     In March 2020, Ringwood Bros., as Owner, leased the Freightliner and a 2018 Reitnouer flatbed trailer to O & I Transport, as Motor Carrier, pursuant to 49 C.F.R. 1057 of the Motor Carrier Regulations of the Federal Motor Carrier Safety Administration. ("Lease"). (Ex. 2).

21.     The Lease provides, in relevant part,

2. EQUIPMENT  Owner as an independent contractor represents to the Carrier that he holds title to and/or has authority to lease the items in the equipment description hereinafter set forth, which for the duration of this lease Owner leases into Carrier, The parties recognize that the form of this agreement is governed by Part 1057 of the Motor Carrier Regulations of the Federal Motor Carrier Safety Administration. Therefore, in order to meet the requirements thereof, and for no other purpose, it is agreed that said equipment shall, during the term thereof, be for the exclusive possession, control, and use of Carrier and that Carrier assume responsibility in the respect thereto. For the purpose of determining responsibility for Public Liability, Property Damage, or Cargo loss as between the Owner [Ringwood Bros.] and Carrier [O& I] and their respective insurers, the equipment shall be deemed to be

3

leased only when being used in the transportation of property under the Carrier's manifest or under specific dispatch by the Carrier.

9. <u>INSURANCE</u>: carrier (sic) shall furnish and pay the costs of public liability, property damage, and cargo insurance for the protection of the public as required by all federal and state laws and regulations….

22.    At the time of the accident, Cummings was hauling steel beams for O & I, under the Lease, from one location in South Carolina to another location in South Carolina. The entire route, from pickup to delivery, was within the state of South Carolina.

23.    Cummings was operating the Freightliner under the Federal Motor Carrier Safety Administration ("FMCSA") authority of O & I. O & I's FMCSA number is 211863; its U.S. Department of Transportation ("DOT") number is 321844.

24.    Hudson Insurance provided commercial auto coverage to O & I at the time of the accident. ("Hudson Policy").

25.    Cummings, as driver, and Ringwood Bros., as lessor, of the Freightliner leased to O & I, and operating under its manifest and Motor Carrier authority, were "insureds" under the Hudson Policy for the accident and entitled to a defense and indemnification from Hudson Insurance for the accident.

## THE GREAT WEST POLICY

26.    Great West commercial auto policy MCP83753A("Great West Policy") provides coverage to Ringwood Bros. for the period May 20, 2022, to  May 20, 2023 (Ex. 3).

27.    The Great West Policy provides liability coverage for three types of vehicles as defined by the Great West Policy: *Covered "Auto" Symbols: 67 – Specifically Described Autos*; *68 – Hired Autos Only*, and *71 – Nonowned Autos Only*.

4

28.     The Great West Policy insured two scheduled "Autos" under *Symbol 67*: a 2000 Freightliner, Serial Number 1FUPCXYB9YLB98698, and a 2019 Reitnouer Flatbed Trailer, Serial Number 1RFNF48A28KR04927. Neither was involved in the accident.

29.     Neither the Freightliner nor the trailer involved in the accident qualifies as a "*Specifically Described Auto*," a "*Hired Auto Only*," or a "*Nonowned Autos Only*," as defined by the Great West Policy.

30.     The Great West Policy does not provide liability coverage for either the Freightliner or the trailer involved in the accident.

31.     The Great West policy, *SECTION V – MOTOR CARRIER CONDITIONS, A. LOSS CONDITIONS, 2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS* provides that GREAT WEST has no duty to provide coverage under the Great West Policy unless Ringwood Bros., *inter alia*, gives Great West prompt notice of any "accident" or "loss," and immediately sends Great West copies of any notice, summons or legal paper concerning the claim or "suit."

## THE UNDERLYING LAWSUIT

32.     On June 28, 2023, Campbell executed a Covenant Not To Execute ("CNTE") wherein, in exchange for the payment of $966,947.05 paid by Hudson Insurance, Campbell agreed that he would not execute, against Hudson Insurance, O & I, Cummings, and Hudson's claim administrator, Napa River Insurance Services, any judgment he might obtain arising from the accident. (Ex. 4).

33.     Hudson Insurance did not include Ringwood Bros., the lessor of the Freightliner and trailer involved in the accident, and thus an "insured" under the Hudson Insurance policy, as one of the entities protected by the CNTE.

34.     Two months later, on August 30, 2023, Campbell filed the Underlying Lawsuit against

O & I and Cummings in the Spartanburg County, South Carolina, Court of Common Pleas, case 2023-CP-42-03280. (Ex. 5). The Underlying Complaint alleges that at the time of the accident, Cummings was an employee or agent of O & I while operating a tractor-trailer owned by O & I. The Underlying Complaint does not provide any identifying information, such as year, make, or model, of the tractor-trailer involved in the Accident.

35. Campbell served O & I with the Summons and Underlying Complaint on December 28, 2023.

36. O & I failed to appear and is in default.

37. The Spartanburg County Clerk of Court records do not contain any evidence of proof of service on Cummings. No appearance was made on behalf of Cummings.

38. Travelers, Campbell's Underinsured Motorist Carrier, filed an "Answer" on behalf of itself, not Cummings or O & I.

39. On August 1, 2024, Campbell filed an Amended Complaint alleging that Cummings was operating a tractor-trailer, owned by O & I, as an employee and agent of O & I and Ringwood Bros. The Amended Complaint does not provide any identifying information, such as year, make, or model, of the tractor-trailer involved in the Accident. (Ex. 6).

40. Travelers, Campbell's Underinsured Motorist Carrier, again filed an "Answer" on behalf of itself.

41. On information and belief, after being served with the Amended Summons and Complaint, Ringwood Bros. contacted O & I and was told "not to worry about it" and that the case was settled.

42. Although Ringwood Bros. qualified as an insured under the Hudson policy, Hudson never assigned defense counsel or sought to protect Ringwood Bros.' interests in the claim or in the Underlying Amended Complaint.

43.  An Entry of Default as to Ringwood Bros. was filed on October 3, 2024.

44.  On information and belief, after receiving notice of the damages hearing, Ringwood Bros. again contacted O & I, which was contractually obligated to provide insurance for public liability arising from the use of the leased vehicles, and was again told not to worry about it, that the case was resolved.

45.  On December 4, 2024, a Special Referee conducted a damages hearing attended by Campbell, Campbell's lawyer, and Travelers' lawyer. A "Damages Order as to Defendant Ringwood Brothers Trucking LLC" was entered on December 17, 2024, in the amount of $1,997,409.92. (Exhibit 7).

46.  Great West's first notice of the accident or Underlying Lawsuit was June 4, 2025, when counsel for Ringwood Bros., Stephen Epps, tendered the judgment to Great West for coverage.

### COUNT I
### (Great West's Claim for Declaratory Relief)

47.  Great West incorporates by reference the allegations contained in paragraphs 1 through 46 of the Complaint.

48.  Neither the Freightliner nor the trailer involved in the accident was insured by the Great West Policy.

49.  Ringwood Bros. and Cummings violated the Great West policy's notice condition.

50.  Great West has no obligation with respect to the accident, Underlying Lawsuit, or resulting judgment against Ringwood Bros. because the Great West Policy did not insure the tractor-trailer involved in the accident.

51.     Great West has no obligation to Ringwood Bros., or Kenneth Cummings, for the accident, Underlying Lawsuit, or resulting judgment against Ringwood Bros. because Ringwood Bros. violated the Policy's notice condition, causing Great West prejudice as a matter of law.

52.     In any event, due to the violation of the Great West policy's notice provisions, Great West would not be obligated to pay more than the South Carolina statutory mandatory minimum coverage of $750,000.00.

53.     Great West respectfully requests that the Court declare that Great West has no obligation under the Great West Policy, or otherwise, to defend or indemnify Ringwood Bros. for the accident, Underlying Lawsuit, or resulting judgment against Ringwood Bros.

WHEREFORE, Great West Casualty Company respectfully prays the Court for the following relief:

1.     That the Court enter a Declaratory Judgment that the Great West has no duty to defend or indemnify Ringwood Bros. or Kenneth Cummings for the Underlying Lawsuit and resulting judgment, and has no duty to pay the judgment entered against Ringwood Bros. in the Underlying Lawsuit.

2.     For any other and further relief as the Court may deem just and proper.

TEAGUE CAMPBELL DENNIS & GORHAM, LLP

BY:     */s/ Peter H. Dworjanyn*
        Peter H. Dworjanyn
        Federal Bar No. 6289
        P.O. Box 19207
        Raleigh, NC  27619-9207
        pdworjanyn@teaguecampbell.com
        *Attorney for Plaintiff*

August 25, 2025
Columbia, South Carolina